IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00136-GPG

KEVIN R. HERRERA,

    Applicant,

v.

JOHN FALK, Sterling Correctional, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DRAWING CASE

---

I.  Background

    Applicant Kevin R. Herrera is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Sterling Correctional Facility in Sterling, Colorado. Applicant has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 that challenges his conviction and sentence in State of Colorado Criminal Case No. 99CR3726. In an order entered on January 27, 2015, Magistrate Judge Gordon P. Gallagher directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those affirmative defenses in this action.

    Respondents filed their Pre-Answer Response, ECF No. 10, on February 6, 2015. Applicant filed a Reply, ECF No. 11, on February 17, 2015.

Applicant raises two claims in the Application: (1) ineffective assistance of counsel on appeal with three subparts; and (2) violation of due process rights based on prosecutorial misconduct.

II. Analysis

The Court must construe liberally the Application and Reply because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not "assume the role of advocate for the *pro se* litigant." *See Hall*, 935 F.2d at 1110.

Applicant was found guilty by a jury trial on December 11, 2003, of first degree murder and two counts of accessory to a crime in Case No. 99CR3726 in the El Paso County District Court, ECF Nos. 1 at 2 and 10 at 1-2, and was sentenced on February 12, 2004, to forty-four years of incarceration, ECF Nos. 1 at 2 and 10-1 at 27-28. Applicant appealed his convictions, the Colorado Court of Appeals (CCA) affirmed the conviction and sentence, ECF No. 10-3, Ex. C., and the Colorado Supreme Court (CSC) denied Applicant's petition for certiorari review on September 17, 2007, ECF No. 10-4, Ex. D.

While the direct appeal was pending, Applicant filed a Colo. R. Crim. P. 35(b) motion for sentence reconsideration on February 21, 2006. ECF No. 10-1, Ex. A, at 20. On June 6, 2008, after the mandate was entered in the direct appeal, Applicant filed a letter regarding the motion for reconsideration. *Id.* The letter Applicant submitted on June 6, 2008, refers to his Rule 35(b) postconviction motion being held in abeyance until his appeal was final and requests a hearing. *See Herrera*, No. 99CR3726, Flat

File at 997-98. Then on December 15, 2008, Applicant filed a Colo. R. Crim. P. 35(c) postconviction motion. ECF No. 10-1 at 19.

The Rule 35(c) postconviction motion is dated December 11, 2008. *See Herrera*, No. 99CR3726, Flat File at 1126. Pursuant to Colo. App. R. 25(b), a document filed by an inmate is considered filed the date the document is deposited in the institution's internal mailing system. Applicant must use a legal mail system if an institution has such a system to receive benefit of this rule. Colo. App. R. 25(b). Applicant did not indicate on the Rule 35(c) motion that he relied on a legal mailing system at the prison, nor does he state that he dropped the motion in the prison mail system on the date the motion was filed. Nonetheless, Applicant's Rule 35(c) motion is not file stamped. The case register has an entry of December 15, 2008, but the only date noted on the Rule 35(c) motion is December 11, 2008. Given the possible discrepancy of when the motion was actually filed, the Court will give Applicant the benefit of the doubt and construe the Rule 35(c) postconviction motion filed on December 11, 2008.

The trial court denied the Rule 35(c) motion on January 10, 2012, ECF No. 10-1 at 14, the CCA affirmed the denial on May 22, 2014, ECF No. 10-6, Ex. F, and the CSC denied the petition for certiorari review on December 22, 2014, ECF No. 10-8, Ex. H.

Applicant signed and dated the Application in this case on January 14, 2015. For purposes of this action, the mailbox rule states that an inmate who places a habeas petition "in the prison's internal mail system will be treated as having 'filed' [the petition] on the date it is given to prison authorities for mailing to the court." *Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir.2005) (citing *Houston v. Lack*, 487 U.S. 266, 276 (1988)).

"However, the inmate must attest that such a timely filing was made and has the burden of proof on this issue." *Id.* (citing *United States v. Ceballos–Martinez*, 387 F.3d 1140, 1143 (10th Cir.2004)).  In order to establish a timely filing, an inmate must either (1) prove that he made timely use of the prison's legal mail system if a satisfactory system is available; or (2) if a legal mail system is not available, prove timely use of the prison's regular mail system by submitting a notarized statement or a declaration under penalty of perjury indicating the date on which the document was given to prison officials for mailing. *Id.* (citing *Ceballos–Martinez*, 387 F.3d at 1144–45).  Applicant has not complied with either of the requirements in *Price*.  The Court, therefore, finds the Application was filed on January 20, 2015, the date the Court received and filed the Application.

    A.  Timeliness

Respondents argue that this action is untimely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1).  *See* ECF No. 10 at 5-10.  Section 2244(d) provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>     (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

>> been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

For the following reasons, the Court will order this action drawn to a presiding judge and when applicable to a magistrate judge.

Applicant had ninety days to petition the United States Supreme Court after the Colorado Supreme Court denied his petition for certiorari review on September 17, 2007. See Sup. Ct. R. 13.1. Therefore, figuring from September 18, 2007, the day after the writ for certiorari was denied, Applicant's conviction became final December 16, 2007, when the time for seeking review in the United States Supreme Court expired. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (citing *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999). Accordingly, for purposes of § 2244(d), time began to run on December 17, 2007, the day after Applicant's sentence became final.

The Court next must determine whether any of Applicant's state postconviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C.§ 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending.

The issue of whether a postconviction motion is pending is a matter of federal

law, *see Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000), but state procedural laws are relevant to the federal analysis, *id.* Under Colorado law, an applicant's failure to take reasonable steps to secure an expeditious ruling on a postconviction motion results in the motion's abandonment. *See People v. Fuqua*, 764 P.2d 56, 58 (Colo. 1988) (defendant deemed to abandon a Rule 35(b) post-conviction motion when he does not "take reasonable efforts to secure an expeditious ruling on the motion"). "What constitutes a reasonable period of time and reasonable efforts by the defendant will necessarily vary with the circumstances of the case." *Fiqua*, 764 P.2d at 61.

Applicant's June 6, 2008 letter referred to the Rule 35(b) motion for reconsideration that he filed on February 20, 2006, and requests a hearing since his petition for certiorari review was denied September 17, 2007. Applicant contends in the June 6 letter that his motion for reconsideration was "held in abeyance" pending a final decision from the Colorado Supreme Court in his direct appeal. Nothing in the February 20 motion for sentence reconsideration, however, mentions holding the motion in abeyance. The only statement in the February 20 motion that addresses the future processing of the Rule 35(b) motion is "[c]ounsel will seek a hearing after the case is remanded to the trial court from the appellate court." *See Herrera*, No. 99CR3726, Flat File at 999.

A postconviction motion is properly filed under § 2244(d)(2) when it complies with state filing requirements. *Habteselassie v. Novak*, 209 F.3d 1208, 1210 (10th Cir. 2000). Once an appeal has been perfected in the State of Colorado the trial court is divested of jurisdiction "to issue any further orders in the case." *People v, Jones*, 631 P.2d 1132, 1133 (Colo. 1981). It also is well settled that once a mandate issues in a

case the trial court's jurisdiction is restored. *Id.* (citing *James v. James*, 32 P.2d 821 (1934)). Without jurisdiction the trial court was not able to enter an order acknowledging an abeyance of the motion for reconsideration or the request for a hearing. Nonetheless, based on *Jones*, once the mandate issued in Applicant's direct appeal and the trial court's jurisdiction was restored, the Rule 35(b) motion was at issue and properly pending. The time for purposes of § 2244(d), therefore, was tolled with respect to the Rule 35(b) motion for a least a portion of the time from September 18, 2007, the day after Applicant's conviction and sentence were final, until December 10, 2008, the day prior to when Applicant filed the Rule 35(c) postconviction motion, or until the motion may have been considered abandoned.

The Tenth Circuit has addressed whether abandonment may toll the time under § 2244(d), but it has reached different conclusions in two separate unpublished opinions. *In Martinez v. Attorney General of Colo.*, 527 F. App'x 793, 795 (10th Cir. 2013), the Tenth Circuit found that for purposes of § 2244(d) time was tolled until the applicant abandoned the motion, which in *Martinez* was at no more than eighteen months after the applicant filed his Rule 35(b). In *Stevens v. Medina*, 438 F. App'x 700, 703 (10th Cir. 2011), however, the Tenth Circuit found that an abandoned Rule 35(c) postconviction motion was not properly filed and did not toll the one-year time limitation period. Given the disparity in the two unpublished opinions, the Court will follow a more lenient finding in *Martinez* and find that at some time between September 17, 2007, and December 10, 2008, the motion was abandoned.

In this case, without the Rule 35(b) postconviction being considered for tolling

purposes, only twenty-three days appear to be not tolled under § 2244(d)  Applicant's conviction and sentence were final on December 16, 2007, Applicant filed the Rule 35(c) postconviction motion on December 11, 2008, a total of 360 days were not tolled during this time.  Furthermore, the CSC denied certiorari review in Applicant's Rule 35(c) postconviction motion on December 22, 2014, but Applicant did not file this action until January 20, 2015; a total of twenty-eight days were not tolled for the purposes of 28 U.S.C. § 2244(d).  Altogether, 388 days have not been tolled, which is only twenty-three days beyond the one-year time limitation.  Because it is reasonable to find that Applicant's Rule 35(b) postconviction motion was tolled for at least twenty-three days after the mandate issued in his direct appeal, the Court finds the Application is timely under § 2244(d).

    B.  Exhaustion

Respondents argue that Claim Two is exhausted, but Claim One in part is unexhausted because Applicant has failed to present two of the subclaims in Claim One to the CSC.  Respondents acknowledge this Court has held that Colo. App. R. 51.1(a) obviates the need for habeas applicants to present their federal claims to the CSC to satisfy the exhaustion requirement, but, argue the Tenth Circuit has suggested that it disagrees with the position taken by this Court in *Valenzuela v. Medina*, 2011 U.S. Dis. Lexis 26906, * 10-11 (D. Colo. 2011).

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's

rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. People*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.  *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"The exhaustion requirement is not one to be overlooked lightly."  *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

To exhaust state court remedies, a claim must be presented to the state's highest court if review in that court is available.  *See O'Sullivan v. Boerckel*, 526 U.S.

838, 845 (1999). Colorado law provides that [i]n all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies. Colo. App. R. 51.1(a).

In his concurring opinion in *O'Sullivan*, Justice Souter provides an example of when state supreme court review is unavailable. *O'Sullivan*, 526 U.S. at 849. The language Justice Souter quotes is taken from a South Carolina Supreme Court decision in *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (1990), and mirrors the language in Rule 51.1, in stating a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Respondents are correct that, in order to exhaust state court remedies, a claim must be presented to the state's highest court if review in that court is available. See *O'Sullivan*, 526 U.S. at 845. However, "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available." *Id.* at 847-48. If a state articulates that a certain avenue for relief is not

part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies. *See id.*

Furthermore, four circuit courts have concluded that state rules similar to Colo. App. R. 51.1(a) eliminate the need to seek review in the state's highest court in order to satisfy the exhaustion requirement. *See Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-04 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 403-05 (8th Cir. 2002); *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999).

The Court is not persuaded by Respondents' arguments to the contrary and does not find the Tenth Circuit's comments in *Prendergast v. Clements*, 699 F.3d 1182, 1184 n.2 (10th Cir. 2012), nor the exhaustion discussion in *Vreeland v. Davis*, 543 F. App'x 739 (10th Cir. 2013) (certiorari review was pending), dispositive for finding that habeas applicants must present federal claims to the CSC. The Court finds that review in the CSC is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the CCA. All of Claim One, therefore, is exhausted.

III. Conclusion

Upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that this case does not appear to be appropriate for summary dismissal. Therefore, the case will be drawn to a presiding judge and, if applicable, to a magistrate judge. *See* D.C.COLO.LCivR 8.1(c). Accordingly, it is

ORDERED that this case shall be drawn to a presiding judge and if applicable to a magistrate judge.

DATED at Denver, Colorado, this 22nd day of     April    , 2015.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge